## CROZIER VS. HODGE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

3L 357
f52 1367

The laws of other States must be proved by evidence to enable the Supreme Court to take judicial notice of them.   When they are not so, the case will be decided by our own laws.

Where the obligation is made to a commercial firm, the parties composing it must join in the action.

This suit was brought to recover a debt due from the defendant to the late firm of Edward M'Dermott & Co., of which the plaintiff was surviving partner, and in which capacity he sued.    The petition set forth, that at the time the debt was contracted, all the parties were citizens of the State of Pennsylvania, and that M'Dermott had since died, leaving the plaintiff, as surviving partner, charged with the settlement of the affairs.    The defendant excepted to the plaintiff's right of action, on the ground that the heirs of M'Dermott should have been made parties to the suit.    The exception was overruled, an answer put in to the merits, and from a judgment in favor of the plaintiff, the defendant appealed.

*Peirce*, for appellant.   *Lockett*, for appellee.

*Porter, J.* delivered the opinion of the court.

This is an action brought by the surviving partner of a commercial firm, once existing in the State of Pennsylvania.

EASTERN DIST.
February, 1832.

CROZIER
vs.
HODGE.

The plaintiff being still a resident of that state.   The petition states that the defendant executed two promissory notes in favor of the partnership, which he has failed to pay, and it avers, that the plaintiff, as surviving partner, has a right to demand and receive from the defendant the whole amount of said notes.

The defendant excepted to the petition, for want of proper parties, and averred that the heirs of the surviving partner should have joined in the action.

The court below overruled the exceptions, and an answer being put in on the merits, and the cause heard on them, there was judgment in favor of the plaintiff from which the defendant appealed.

The first question the case presents, is the correctness of the opinion of the judge of the first instance on the exception taken to the action.

It has been argued before the court by the appellees, on the law of Pennsylvania ; and they have contended, that in that state, on the dissolution of the partnership, the right to reduce the choses in action belonging to the firm, vested in the surviving partner.   Whether this power, although coupled with an interest, would enable the plaintiff to maintain an action in this state, is not clear, but we are not authorised to decide the case on the laws of Pennsylvania, for there is no evidence on record, that they differ from our own.   We have repeatedly decided that the laws of other states must be proved by evidence, to enable us to take judicial notice of them.   When they are not so, we must decided the case by our own law.   It sometimes happens that parties consent to the court acting on the knowledge which it may be supposed to possess, or be able to acquire from books, or the laws of foreign countries, but in this instance that consent cannot be presumed, for the objection as to want of proof was taken on argument.

*The laws of other states must be proved by evidence, to enable the Sup. Court to take judicial notice of them. When they are not so, the case will be decided by our own laws.*

By the laws of Louisiana, a surviving partner has not as such, the right to sue or receive the debts due to the firm, though he may obtain the authority to do so, by applying for

letters of curatorship on the estate of the deceased partner, where the heirs are absent. *Louisiana Code*, 1131–32.

This is not the case of one creditor *in solido* who has a right to receive the whole of the debt, and who perhaps might sue for it. The obligation is made to a commercial firm, and the parties composing it must join in the action, for the debt is due to the partnership collectively, and not to one or other of the partners as creditors *in solido*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the exception filed in this case to the petition, for want of proper parties, be sustained, and the petition be dismissed at the cost of the plaintiff in both courts.