WESTERN DIST.
*August,* 1834.

DAVID FLOWER *vs.* RACHEL O'CONNER.

FLOWER
*vs.*
O'CONNER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

On the death of a partner leaving *several* surviving ones, neither has the right of sueing *alone as surviving partner*, nor has one the right to sue as surviving partner, for the *use of them both*, when there are two surviving.

In all commercial partnerships, the surviving partner, in order to receive the portion of the deceased partner, and hold it subject to the payment of the partnership debts, must make application to the Court of Probates, have such portion ascertained and valued, and give bond with security.

A surviving partner does not possess the right, until he is authorised by the Court of Probates, to sue for, or receive partnership debts.

Pleas or exceptions that are not declinatory, need not be pleaded *in limine litis.*

This suit was instituted by David Flower, *as surviving partner* of the late commercial firm of D. B. Finley & Co., in New-Orleans, to recover from the defendant as the heir of her deceased son, Stephen Bell, the sum of six thousand three hundred and thirty-six dollars eighty-six cents. The suit is brought by D. Flower, *as the surviving partner, &c., for the use of W. & D. Flower,* on a promissory note executed by the firm of Bell & Finley, in favor of D. B. Finley & Co., payable the tenth of March, 1821, for four thousand nine hundred and forty-four dollars eighty-nine cents, and on the balance of an account current in favor of D. B. Finley, and due by said firm of Bell & Finley, for one thousand three hundred eighty-six dollars and ninety-seven cents. The plaintiff alleges that Finley is dead, and his estate is insolvent ; and that Bell has since died, and the defendant has accepted his succession with the benefit of inventory, and thereby rendered herself liable to pay the debts thereof. He prays judgment against the defendant for the aggregate sum of six thousand three hundred and thirty-six dollars eighty-six cents, interest and costs.

In an amended and supplemental petition, the plaintiff alleges that the defendant took possession of her son's estate (S. Bell) without the intervention of justice; has never made an inventory thereof, and by her intermeddling in the affairs of said estate, she has become personally liable for the debts thereof.

The defendant pleaded the pendency of another suit, instituted against her by the present plaintiff, for the same subject matter, and upon the same allegations, to which she pleaded in substance, that she had accepted the succession of Stephen Bell, with benefit of inventory, which plea was sustained, and the District Court decided it had not jurisdiction of the case, which judgment, then rendered between the same parties, is now pleaded, as *res judicata*; wherefore she prays to be dismissed.

The defendant further answering and excepting says, she was a married woman when she accepted the succession of her son, that she never interfered with his succession, nor received any portion of it; that she was under this disability, and could not be liable for its administration, or any acts in relation to it, which disability she pleads, &c.

She further denies that the plaintiff is the surviving partner, or was the partner, of the firm of D. B. Finley & Co., or that any such firm existed; or *that the plaintiff is entitled to sue as surviving partner;* but should have caused himself to have been appointed and authorised as the legal representative of said firm as required by law, and not having done so, this suit must be dismissed.

Upon these pleadings, the parties went to trial. The defendant obtained a verdict and a new trial was ordered, and an appeal taken, on which the case was remanded for a new trial. See 8 *Martin, N. S.* 592.

On the return of the case, a second trial was had, which resulted in a verdict and judgment for the plaintiff. The defendant appealed.

*Ripley* for the plaintiff.

*Turner* for defendant, assigned errors, as follows :

1. It is apparent upon the face of the record, that there is a total want of right, in the plaintiff, David Flower, to recover in the form and manner in which he has sued. He sues as *surviving* partner of the firm of D. B. Finley & Co., to the use of himself and another, viz: William Flower ; and it appears in the record, that he was not the surviving partner of the firm of D. B. Finley & Co., consequently could not appropriate the debt sued for, to himself, or to any one else.

2. The plea that a surviving partner, could not as such, maintain an action, was a good and sufficient plea, and should have been sustained by the District Court, and it was improperly overruled. *La. Code*, 1131, 1132. *3 La. Reports, 357.*

3. The motion to amend, by pleading that this suit had been withdrawn, by submitting it to judicial arbitrators, was improperly overruled. *Code of Practice, 335, 336. La. Code*, 3066, 3069.

4. This cause was improperly tried, upon the merits, when there was no issue upon the merits, nor judgment by default. *4 La. Reports, 13.*

5. The verdict and judgment is not sustained by the evidence. There was no proof of the plaintiff's demand.

6. The payments admitted by the plaintiff, if the cause was properly tried upon the merits, should have been imputed, by the jury, to the liquidated demand. *La. Code*, 2162.

*Martin, J.,* delivered the opinion of the court.

In this case the defendant and appellant has assigned as errors on the face of the record, the following :

1. That there was a total incapacity or want of right in the plaintiff to sue in the manner and form in which he has done, because he was not the surviving partner of the firm of D. B. Finley & Co., which was composed of four members, two of whom were living at the institution of the suit.

2. That at the time the suit was instituted, a living partner could not exercise the rights of a deceased one, without

having been authorised to do so by the Court of Probates, and giving bond as required by law.

The counsel for the plaintiff and appellee has replied, that the surviving partners D. & W. Flower, are parties to the present suit, which is brought by D. Flower, for the use of W. & D. Flower. That the want of authority from the Court of Probates, ought to have been presented as exceptions *in limine litis*, which would have afforded to the plaintiffs the opportunity of showing they had obtained such authority, and given bond accordingly.

It is very clear that on the death of one partner, leaving several surviving ones, neither has the right of sueing alone, as surviving partner, and we are not prepared to say that when a suit is brought by A, for the use of B, the latter is necessarily a party to the suit, so as to be concluded by the judgment.

The second error assigned is certainly fatal. The Code in all commercial partnerships, gives to the surviving partner, after the portion of the deceased partner, in the partnership effects, has been ascertained and estimated, the right to require that this portion should remain with his own, in order that the whole may be applied to the discharge of the partnership debts, if necessary. *La. Code, art.* 1131. The next succeeding article requires him to give bond for that purpose. Accordingly this court held in the case of *Crozier vs. Hodge, 3 La. Reports.* 357, that a surviving partner does not possess the right, until he is authorised by the Court of Probates, to sue for, or receive partnership debts.

There was no necessity of pleading this matter *in limine litis.* This was not a declinatory exception. *Code of Practice, arts.* 335, 336. Indeed the application of the partner, the ascertainment and valuation of the portion of the deceased partner, the requisition of the Court of Probates, and the giving bond, were conditions precedent, without which, the right of mixing this portion with those of the other partners did not vest.

It is clear the District Court erred, in disregarding the plea of the defendant in this respect.

On the death of a partner leaving *several* surviving ones, neither has the right of sue-ing *alone as surviving partner;* nor has one the right to sue as surviving part-ner for the *use of them both,* when there are two surviving.

In all commer-cial partnerships the surviving partner, in order to receive the portion of the deceased partner and hold it sub-ject to the pay-ment of the part-nership debts, must make ap-plication to the Court of Pro-bates, have such portion ascer-tained and va-lued, and give bond with secu-rity.

A surviving partner does not possess the right, until he is autho-rised by the Court of Pro-bates, to sue for or receive part-nership debts.

Pleas or excep-tions that are not declinatory, need not be pleaded *in limine litis.*

WESTERN DIST.    It is, therefore, ordered, adjudged and decreed, that the
*August*, 1834.  judgment of the District Court be annulled, avoided and
FLOWER ET ALS.   reversed, and that there be judgment for the defendant as
*vs.*            in case of a non-suit, with costs in both courts.
O'CONNER.