## DUBERTRAND *vs.* LAVILLE.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The law makes the verdict of a jury a distinct and essential document, connecting the judgment of the court with the anterior proceedings.

The verdict of the jury must be reduced to writing, and signed by the foreman, with the mention of his capacity.

It is not a sufficient compliance with the requisitions of the constitution, that the verdict be recorded on the minutes of the court, in the English language, it must be reduced to writing, and signed by the foreman in that language.

So, where a verdict was reduced to writing, and signed by the foreman, in the French language, it was set aside as unconstitutional, and the cause remanded for a new trial.

The plaintiff in this case, obtained a verdict and judgment against the defendant, on two promissory notes of two thousand dollars each. The jury, in rendering their verdict, reduced it to writing, and it was signed by the foreman in the French language, upon which, judgment was pronounced accordingly.

The defendant's counsel moved for a new trial, on the ground that the verdict being written in the French language, was null and void.

The district judge overruled the motion, being of opinion that, although the verdict was given in the French language,

it was recorded on the minutes of the court, in the presence <span>EASTERN DIST.<br>*May*, 1835.</span> of the jury, in the English language, which he deemed sufficient. The defendants appealed.

<span>DUBERTRAND<br>*vs.*<br>LAVILLE.</span>

*Porter*, for the plaintiff.

J. *Seghers*, for the appellant, objected to the judgment, because it was founded on a verdict which was written and delivered in the French language, which is in violation of the constitution of the state of Louisiana, *art.* 6, *sec.* 15.

2. The judgment must, therefore, be reversed as unconstitutional.

*Martin J.*, delivered the opinion of the court.

The defendant in this case is appellant from a judgment rendered against him on two notes of hand, for two thousand dollars each, secured by a special mortgage on certain property. He seeks to reverse the judgment, on the ground that it was rendered on a verdict written and recorded in the French language.

The record shows that the attention of the District Court was drawn to this matter, and the irregularity of the verdict and judgment expressly stated in an application for a new trial, in which it was suggested, that as there was no valid verdict, there was no legal trial, but only a mis-trial.

The judge *a quo* overruled the motion for a new trial, supposing that the irregularity relating to the verdict, was cured by the record of it, on the minutes of the court, being in the English language, made in the presence of the jury; the verdict being of itself no judgment, but only the mere evidence of the facts found by the jury.

Perhaps a verdict is the judgment of the jury, or the facts of the case *ad questionem facti respondent juratores :* be that as it may, the verdict is most certainly a judicial proceeding, and as such, is, by the constitution of this state, required to be conducted in the language in which the constitution of the United States is written.

The recording of it, however, on the minutes of the court, would satisfy the constitutional requisition, but the law makes

*The law makes the verdict of a jury a distinct and essential document, connecting the judgment of the court with the anterior proceedings.*

*The verdict of the jury must be reduced to writing and signed by the foreman, with the mention of his capacity. It is not a sufficient compliance with the requisitions of the constitution that the verdict be recorded on the minutes of the court, in the*

the verdict a distinct substantive and essential document, connecting the judgment of the court with the anterior proceedings.

The *Code of Practice, arts. 518, 525,* requires the verdict to be reduced to writing and signed by the foreman, with the mention of his capacity.

It is, therefore, impossible, in our opinion, to recognise any thing which the clerk may write on the minutes of the court, as the essential document which the law requires to be reduced to writing, and signed by the foreman of the jury,

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial; the costs of appeal to be borne by the plaintiff and appellee.

*Margin notes:*
EASTERN DIST.
*May,* 1835.

So, where a verdict was reduced to writing and signed by the foreman, in the French language, it was set aside as unconstitutional, and the cause remanded for a new trial.