[215] Simon, J.
delivered the opinion of the court.
This is an action instituted on a note of hand, dated 10th of June, ISIS, drawn by Bell & Finley, and made payable on the 10th of March, 1821, to the order of the late commercial firm of D. B. Finley & Co., composed of David B. and Michael L. Finley and of "William and David Flower. Defendant, who is sued as the only heir of her deceased son, Stephen Bell, denies plaintiffs’ authority and capacity to bring this suit, pleads the general issue, and avers that plaintiffs’ demand is barred by the prescriptions of five and ten years. This peremptory exception was sustained by the lower court, who rendered judgment thereon in favor of the defendant, and the plaintiffs appealed.
The evidence shows that in April, 1827, a suit was brought against the present defendant, by David Flower, as surviving partner of the late commercial firm of B. B. Finley & Oo., for the use of W. & B. Flower, to recover from her as the heir of her deceased son, the amount of the same note sued on iu this action, together with the balance of an account current, forming together a sum of $6386 86; and that in August, 1834, a judgment wasrendered by this court, in favor of said defendant against David Flower as in ease of a nonsuit. See 7 La. Rep. 194. The present action was instituted on the 20th of November, 1837.
Defendant’s plea of prescription is met by the plaintiffs, who contend that the suit brought by David Flower, as surviving partner, and for the use of W. & B. Flower, must have the effect of interrupting the prescription; that the parties plaintiffs to said suit, were substantially, though not identically the same; hut were exercising the same right by virtue of the same cause of action, and that therefore, though the first suit was dismissed for want of right in the plaintiff to institute the action in that form, it should yet work a legal interruption.
On the other hand, defendant insists that the first suit cannot benefit the *133 plaintiffs in this aetion, so as to cause an interruption of the presorip- [216] tion in their favor, as the former suit was instituted by a surviving partner who did not possess the right of suing for the partnership debts ; that the maxim of law “ apersona ad personam non fit interruptio active nea passivd," is particularly applicable to the present case, and he relies on the authority of Troplong, vol. 2, Nos. 627 and 657, to show that the obligation sued on had been extinguished or released by prescription long before the date of this aetion; which prescription his client has acquired against all the plaintiffs ; and if not against all, at least against those who were not parties to the former suit.
It is a well settled doctrine in our jurisprudence that one of the modes of interrupting prescription, is by citing the possessor or debtor before a court of justice; that it matters not whether the suit is brought before a court of competent jurisdiction or not; that prescription is interrupted by a suit, though the plaintiff therein be nonsuited; that a mistake ought not to destroy the effect of such suit, when the error occurs in the manner of prosecuting it, in consequence of which it may be dismissed; and that the same rules which on this special subject govern in cases of prescription by which property is acquired, are also applicable to the prescription liberandi causa. La. Code, arte. 3484, 8516 and 3517; Chretien v. Theard, 2 Martin, N. S. 382 ; Prall v. Peet's Curator, 8 La. Rep. 274 ; 4 Id. 152 ; 4 Id. 418 ; 12 Id. 530. There would then be no doubt, if the first aetion had been instituted in the names of all the partners of the late firm of D. B. Finley & Oo., or of their representatives; as the prescription would clearly be interrupted.
But the question which is now submitted to our consideration arises from the legal maxim above quoted and relied on by defendant’s counsel, and we are ready to admit that it is not free from difficulty: “ Lorsqu’on demande,” says Troplong, Prescription, vol. 2, No. 627, “ si Ies effets de la prescription obtenue contre une personne, doivent s’étendre á d’autres, ilfaut nécessairement distinguer la qualité des obligations. II y en a de princi- [217] pales, il y en a d’accessoires; celles qui sont principales envers chaqué obligé, donnent lieu á autant de prescriptions principales qu’il y a de personnes, et ce qui a été prescrit an profit de l’un ou eontre l’un, ne s’étend pas aux autres:” Thence the maxim “ a persona ad personam non fit interruptio.” This maxim establishes a general rule, to which there are many exceptions to which the author proceeds to examine. In No. 649, he says: “ L’interruption faite pour l’un des cohériteurs ne profite pas aux autres. Chacun agit dans un intérét distinct; ” but the rule appears to be more clearly illustrated with regard to the question under consideration, in No. 652, in these words: “Lorsque le propriétaire, pour partie d’un héritage, a donné une demande en revendication poce la part qui luí en appartient contre un possesseur qui la détient pour le total, eette demande n’interrompt la possession que pour la part du demandeur.” This is also the doctrine entertained by Pothier in his Traité des Prescriptions, No. 54, from which it necessarily results that the rule or maxim is properly and particularly applicable to cases, in which the obligation is “principóle envers choque oblige," so as to be made the subject of a distinct demand against each of the co-obligors *134 for his portion ; or when the demand has been instituted by one of the co-proprietors or co-obligees for his share of the property or of the debt, a part of which is the object of the action.
But in this case, the suit was brought by one of the co-obligees, that is to say, by one of the members of a late firm as surviving partner, Sc. ; not for his own individual share, but for the whole amount of the debt due to the partnership, and for the benefit of all the members thereof; he took upon himself to act as their negotiorum gestor, and had the partnership been yet in existence, we are not ready to say that this would not have been suificient to bring the case within the sixth exception examined by Troplong, No. 643, in [218] which he says: “Une sixiéme exception a lieu toutes les fois qu’on peut supposer que celui qui a interrompu a agi non seulement dans son propre intórét, mais encore comme mandataire d’une autre personne qui lui a donné pouvoir tacite.” As in such case, it might be fairly supposed that the suing partner, being in possession of the obligation, was acting as the tacit agent of the firm; particularly as this circumstance would give him a right to receive and even to enforce the payment of the obligation. Duranton, Yol. 11, No. 166 ; Pardessus, Droit Oommercial, No. 181. And such suit brought under such circumstances would undoubtedly operate an interruption of the prescription in favor of all the co-obligees.
The difference however in the present instance, is that the action was instituted by a surviving partner after the dissolution of the partnership, and at a time when he had no right to sue for or receive partnership debts, without being authorized by the court of probates, and when he could not act any further as the agent or negotiorum gestor of a firm which had ceased to exist. 3 La. Rep. 357 ; 7 Id. 194.
Wo are satisfied however, after having bestowed on this question all the attention which its importance inquires, that though David Flower could not maintain the action in his individual name, the fact of its having been instituted for the whole amount of the note, must take it out of the general application of the legal maxim relied on by the defendant; and we base our opinion on the authority of Pothiex-, loco citato, who goes on to say: Si par la communication que le possesseur a eue des titres du demandeur, qui sont des titres commons a oe demandeub et a ses oo-peopbietaires, ledit possesseur a été instruit du droit de propriété qu’ont lesdits copropriétaires ; cette circonstance, &c., &c, interrompt aussi et arréte Ie cours de la prescription pour les parts desdits co-propriétaires.” “ O’est pourquoi, lorsque par la suite, lesdits propriétaires donneront demande contre ce possesseur pour leurs parts; s’il leur oppose qu’il a accompli le terns de [219] la prescription pour ces parts avant leur demande, ils seront bien fondés á lui répondre, qu’il n’a pas accompli la prescription, et qu’elle a été interrompu par la connaissance de leur droit qu’il a acquise par les titres qui lui ont été communiques dans le proces qu’il a eu, sur la premiére demande qui a été donné contre lui.” It is clear from this doctrine of Pothier, that in order to determine the effect and extent of a legal interruption, we must inquire more particularly into the object and cause of the action, than into the right of the plaintiff, the manner in which it is prosecuted and the competency of the *135 court in which it is instituted; and endeavor to ascertain how far the knowledge of the titles on which the action is founded, has been brought home to the defendant by the judicial demand; and we do not hesitate to conclude that, if it be established that the defendant has been judicially notified of the titles which are the foundation of the demand for the whole of the property or of the debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results from said suit a legal interruption in favor of those to whom such rights may belong. This seems also to be the true spirit of our law on this subject, as from the expressions of the art. 8484 of the La. Code, to wit, “ a legal interruption takes place, when the possessor has leen cited to appewi'leforea court of ¡justice, on aaeount either of the property or of the possessionthe law appears to contemplate that the object and cause of the action, ought to be the principal eriterions which should be resorted to for the purpose of ascertaining the fact' and the extent of the interruption resulting from a judicial demand.
We are therefore of opinion that the suit instituted by David Mower for the whole amount of the claim now set up by plaintiffs, has caused such an interruption in favor of all said plaintiffs as to destroy the defendant’s plea of prescription, and that the district judge prred in sustaining said plea.
On the merits, we think plaintiffs have sufficiently and satisfactorily [220] established their demand against the defendant, who, according to the evidence, is bound, as the only heir of her deceased son, to pay the debts of his succession; and our judgment must be in their favor for the amount claimed in their petition.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and this court proceeding to render such judgment as should have been given in -the court below, it is ordered, adjudged and decreed, that the plaintiffs do recover of the defendant the sum of four thousand nine hundred and forty-four dollars and eighty-nino cents, with six per cent, interest per annum thereon from judicial demand until paid, with costs in both courts.