## HALLIMAN et al. *v.* CLARK et al.

In an action on an obligation in favor of a partnership, all the partners must join to enforce its performance.  If one of the partners be absent, he may be represented by a curator *ad hoc.*

APPEAL from the District Court of Madison, *Selby*, J.  *Amonett*, for the plaintiffs.  *Stockton* and *Steele*, for the appellants.  1. An obligation in favor of a firm, or several persons jointly, cannot be sued for by any one member of the firm or payees, but the action must be instituted by all the members or payees; and a judgment rendered in their joint name or firm, at the suit of any one or any part of them, would be no bar to a suit by the whole firm for the same cause, or of the other partners for their shares.   *Tucker* v. *Lile*, 4 La. 328.   10 La. 432.   13 La. 484.   16 La. 31.   9 Rob. 149.   The judgment of the court was pronounced by

KING, J.  *Clark* executed an obligation in favor of *McReynolds, Halliman & Co.*, a firm composed of *McReynolds, Halliman* and *Riley*, for the payment of the price of constructing a levée, and the defendant *Downes* became the guarantor of *Clark* for the performance of the obligation.   Upon this contract *Halliman* and the administrator of *McReynolds* instituted the present action to enforce payment.   The defendants excepted to the petition for the want of proper parties, averring that *Riley* should have been joined in the action.  An amended petition was thereupon filed, setting forth that *Riley* was a partner of the firm of *McReynolds, Halliman & Co.*, and making him a party plaintiff.   The defendants then pleaded to the merits.   On the trial the attorney of the plaintiffs was examined as a witness.   He deposed that he had never seen *Riley*, or been authorized by him to join him as a party plaintiff in the suit.   That the amended petition was presented in con-

HALLIMAN
*v.*
CLARK,

sequence of the exception filed by the defendants, that the object of the witness was to collect the sum due for the use of *Halliman*, who was the holder, and, as he believed, the exclusive owner of the demand. The district judge instructed the jury that the plaintiffs were properly before the court, and a bill of exceptions was taken to that part of his charge. There was a verdict in favor of the plaintiffs, and, after an ineffectual effort to obtain a new trial, the defendants appealed.

The district judge, in our opinion, erred in his instructions to the jury. It has been repeatedly held that, when the obligation is in favor of a firm, all the partners must join in the action to enforce its performance. *Crozier* v. *Hodge*, 3 La. 357. *Cutler* v. *Cochran*, 13 La. 484. *Flower* v. *O'Connor*, 7 La. 196.

As the plaintiffs however are not without remedy, but may still make *Riley* a party, by causing him to be represented by a curator *ad hoc*, we will remand the cause, which justice appears to us to require.

The judgment of the District Court is therefore reversed, and the cause remanded to be proceeded with according to law, the appellees paying the costs of this appeal.