186 So. 32

**SMITH et al. v. COOK.**

No. 34573.

Nov. 28, 1938.

Rehearing Denied Jan. 10, 1939.

Meadors & Gensler, of Homer, and R. D. Watkins, of Minden, for appellants.

William H. Cook, of Shreveport, C. E. Hays, of Minden, and Pyburn & Pyburn, of Shreveport, for appellee.

ROGERS, Justice.

Alleging themselves to be the major heirs of Solomon Branford or Bradford, plaintiffs seek to be recognized as owners of 160 acres of land in Webster Parish, de-

scribed as the SE¼ of NW¼ and SW¼ of NE¼ and NE¼ of SW¼ and NW¼ of SE¼, all in Section 35, Township 21 North, Range 10 West, Webster Parish, Louisiana. Plaintiffs allege that a certain tax sale made in June, 1930, by the State of Louisiana to C. E. Hays, and a conventional sale made by C. E. Hays to William H. Cook, in March, 1936, of the above described property are null for the reasons set out in the petition; and plaintiffs pray that these instruments be cancelled and erased from the public records.

Defendant, after filing numerous exceptions which were overruled, filed an answer denying all the material allegations of the petition, averring the validity of the sales sought to be annulled and claiming the ownership of the property by virtue of these sales.

A trial on the merits resulted in a judgment in favor of the defendant, dismissing plaintiffs' demands and maintaining defendant's title to the property in dispute. From this judgment plaintiffs appealed.

On defendant's motion invoking the provisions of Article 2652 of the Civil Code relative to litigious rights, the case was remanded to the district court "so that the defendant may institute such proceedings as are necessary for the determination of the issues raised in the motion to remand, as well as such other matters as may properly arise therein." Smith **v.** Cook, 189 La. 632, 180 So. 469, 473.

We take it that the case has been disposed of in the district court under the decree of this Court on the motion to remand, since it is now submitted for decision on the merits. From supplemental briefs filed on the part of the parties litigant, we understand that the case now involves a controversy over the ownership of the surface rights to the 160 acres of land in dispute and over the ownership of a certain proportion of the minerals under the said tract of land.

The tax sale is attacked by the plaintiffs on five separate and distinct grounds. Two of the grounds of attack are not argued, and hence they must be considered as having been abandoned. The remaining three grounds of plaintiffs' attack on the tax sale are that Hays acted as agent for Cook in purchasing the property and as Cook had been the attorney for Solomon Branford, a fiduciary relationship existed between them and therefore neither Cook nor any person acting for him could purchase the property at tax sale; that Cook was the mortgagee under an act of mortgage executed by Solomon Branford on June 21, 1929, bearing upon the property in dispute, and therefore he was precluded from purchasing the property at tax sale; and that payment by Cook to Hays, within the period of one year allowed for redemption, of all monies due him operated as a redemption in favor of Solomon Branford, the tax debtor, plaintiffs' father and ancestor in title.

Plaintiffs' contention that a fiduciary relationship existed between defendant and Solomon Branford is not sustained by the evidence. The basis of plaintiffs' contention is that defendant, who is a member

of the Bar of the City of Shreveport, had acted as the attorney for Branford. The testimony shows that defendant had never been, at any time, the attorney for Solomon Branford but had represented one A. J. McCook in the purchase by McCook from Branford of a lease and some minerals in 1924, which was six years prior to the tax sale. In the same year defendant prepared an affidavit for Branford for the purpose of enabling him to obtain cancellation of a power of attorney from the records, but this service inured to the benefit of defendant's client, A. J. McCook, who had purchased minerals from Branford, and defendant did not charge Branford any fee for his work. When, in the latter part of 1928, Branford called on defendant, it was the first time defendant had seen Branford since 1924. The purpose of Branford's visit to Cook at that time was to borrow a few dollars because he was "hard up." Defendant lent him $5. In the early part of 1929, Branford again called on defendant and told him that his property had been advertised for sale for the unpaid taxes of 1928 and that he wanted to borrow some money for the purpose of paying the taxes and to buy some groceries. Defendant's mother had some money which he desired to invest for her and defendant arranged to let Branford have the money he desired, taking a mortgage on the property for account of his mother. At that time the mortgaged property had very little value. In May, 1930, defendant wrote Branford, advising him that his property had been advertised for sale for taxes on June 21, 1930, and that

it was necessary for Branford to pay the taxes or he would lose the land. Notwithstanding Branford had received a notice of delinquency which the law requires the sheriff to mail to the tax debtor in addition to the letter from defendant, he failed to pay the taxes. In the meantime defendant had arranged with Mr. Hays to buy the property for him at the tax sale in the event Branford failed to pay his taxes. Hays bought the property for defendant. It is true the defendant permitted the title to remain in the name of Hays for some years. Defendant testified that his reason for not taking the property at first was due to the fact that Branford lived in Webster Parish and he could more easily redeem the property from Hays, who lived in Minden, the parish seat, which was close to Branford's home, than if the title was in the name of defendant who lived in the City of Shreveport. The explanation is a reasonable one and we fail to see that the plaintiffs have any ground of complaint because of the course defendant pursued.

Plaintiffs contend that the allegations of the answer amount to denial that Hays, in purchasing the property, acted for the defendant. On the other hand, defendant contends that under a reasonable construction of the answer defendant has not assumed any such position. However that may be, plaintiffs made the direct allegation that Hays acted as agent for defendant in buying the property, and testimony showing this to be a fact was admitted without objection by plaintiffs. The law is clear that evidence admitted without

objection that goes beyond or contradicts the pleadings, enlarges the pleadings and is binding on the parties.

■ Defendant testified that, feeling the property had little value and that his mother who held a mortgage thereon would be confronted with the necessity of paying the taxes as long as the property remained in the name of the mortgagor, he decided that he would buy the property at tax sale in the event the mortgagor was unable or neglected to pay the taxes. In so deciding, defendant was not guilty of any unfair conduct towards Branford. Neither defendant nor his mother was obliged to pay the taxes for 1929. The mortgage was long past due. It would have been poor business judgment for defendant or his mother to pay the taxes when the mortgagor had not only failed to pay them but also had failed to pay the mortgage note at maturity. The mortgage could have been foreclosed in 1930, in which event the mortgagor would not have enjoyed any additional period within which to redeem the property. We do not think the plaintiffs have any reason to complain because as the result of the tax sale their ancestor, the mortgagor, was allowed an additional twelve months within which to redeem the property which he would not have had under foreclosure of the mortgage.

■ The next attack upon the tax sale is made on the ground that defendant was the mortgagee and therefore could not buy the property at tax sale. A sufficient answer to this ground of attack is that the testimony shows the mortgage note executed by Branford in 1929 was owned by defendant's mother, and therefore defendant was not the mortgagee at the time he bought the property at tax sale through C. E. Hays.

Plaintiffs' final attack upon the tax sale is predicated on their contention that the payment by defendant as fiduciary of the tax debtor and mortgagee to C. E. Hays within the redemption period operated as a redemption in favor of plaintiffs' ancestor, the tax debtor. Defendant contends that in view of the position assumed by plaintiffs in the district court that the instruments sought to be cancelled were absolute nullities, with no alternative pleadings as to their effect, plaintiffs are precluded from adopting in this Court a new theory of the case which is contrary to the pleadings and to the evidence. In other words, defendant contends that plaintiffs are now attempting to recover on a cause of action which they did not allege, and of which defendant had no notice in the district court; and which is inconsistent with the allegations of the petition.

■ But defendant also contends that if the proposition urged by plaintiff is to be considered, then there is no evidence in the record to support it. Defendant is correct in this. As we have hereinabove stated, the evidence in the record shows that defendant was neither the fiduciary of the tax debtor nor the mortgagee. Hence, there was no reason why he could not purchase through his agent the property at tax sale. As neither the tax debtor nor his heirs redeemed the property within the year allowed by law, they were not prejudiced nor affected by the transaction between defendant and Hays.

Since this case was argued and submitted, the plaintiffs have filed a motion to remand the case, alleging that subsequent to the trial in the court below an independent suit has been filed in that court against W. G. Baker, charging Baker with fraud and collusion with George H. Baxter and William H. Cook, defendant herein, and that in the opinion of counsel for plaintiffs, the suit, which is as yet untried, would impeach the testimony of the defendant in this suit. The petition and prayer in the suit against Baxter shows that it was brought by only three of the plaintiffs herein; that the defendant herein, William H. Cook, is not a party to that suit, and that it deals with other issues and matters which have no bearing on the issues involved in this case. The motion to remand is denied.

For the reasons' assigned, the judgment herein appealed from is affirmed.

LAND, J., absent.