MOISE, Justice.
 

 The plaintiff filed suit against his wife for a divorce under the provisions of Act 269 of 1916, amended by Act 31 of 1932, as amended by Act 430 of 1938, alleging that they had lived separate and apart for more than two years. The defendant answered, averring that plaintiff was not entitled to a divorce for the reason that he had been living in open and notorious adultery with a woman named in the answer. A rule for alimony was filed pen-dente lite. On November 2, 1945, the court made this rule absolute, granting alimony to the mother and child at the rate of $100 per month. On March 20, 1946, a judgment of divorce was granted in favor of the plaintiff, also perpetuating the alimony heretofore awarded in the amount fixed by the court.
 

 On the trial of the merits, the proof of the main demand (as to the living separate and apart for more than two years) was conclusive. On introduction of the evidence, the wife enlarged her pleadings on a matter of substance by testifying that she had cohabited with her husband during the two year period. This defense was not urged at the time issue was joined nor was an amendment sought made to the pleadings. The record discloses that this enlargement of the answer was not objected to by the plaintiff. The rule of law is that evidence introd"ced without objection can be considered by the court.
 

 To corroborate this defense, the defendant offered her two adult children as witnesses. One of them testified that he only saw his father once and that was when he drove up in an automobile, as his father was leaving their home. The other testified, in part:
 

 “Q. * * * Did he eat breakfast and dinner there? A. No.
 

 “Q. He did not keep his clothes there? A. No.
 

 “Q.
 
 He did not have any room to sleep in? A. Just my mother’s bedroom, that was his, too.”
 

 There was no other evidence to substantiate the mother’s testimony as to cohabitation. In the testimony of the children there is not a scintilla of evidence showing any affection by the parents for one another, not even a caress or kiss.
 

 The record shows that the living in open adultery by the father was likewise pleaded to show that the separation was caused through no fault of the defendant. Freedom from fault is a prerequisite to obtain alimony under the statute.
 

 The call of the procreative passion by the husband for his paramour must have been urgent and insistent. When he yielded to that call, he defied all conventions set up by society, aba'hdoned his family and
 
 *315
 
 brought about a moral desolation in the home.
 

 It is possible but highly improbable that copulation took place between the parties during the two year period. It would seem from the manner and the way in which'this defense was set up, that it was an afterthought on the part of the wife. This court, in giving consideration to the unpleaded defense, must apply the same rule and the same formula as to any other material fact in the case — the defense must be proved by a reasonable certainty. On the other hand, we have the emphatic denial by the plaintiff that the alleged cohabitation took place and, that denial, coupled with the corroborating physical facts, is conclusive that defendant did not carry her burden of proof.
 

 For the reasons assigned, the judgment appealed from is affirmed at plaintiff’s costs.
 

 O’NIELL, C. J., takes no part.