KENNON, Judge.
Plaintiff, Aaron Fusilier, instituted this suit in his own name to recover the .sum of $325, the alleged total of advances or loans made by him to defendant during the period December 12, 1947 to January 9, 1948.
Defendant in answer denied every allegation of the plaintiff’s petition except to admit that he had received a letter demanding payment. After trial of the case on the merits, and before a decision was rendered by the District Judge, defendant filed an exception of no cause or right of action, the basis of the exception being, as set forth in defendant’s brief, that the evidence disclosed that the amounts set forth in the petition were advanced to defendant from a partnership composed of plaintiff and one Golbert Fusilier, and that subsequent to the making of the alleged loans and prior to the institution of suit, this partner of plaintiff had died, leaving minor children.
The District Court gave judgment in fav.or of plaintiff for one-half of the amount sued for. Defendant appealed.
A portion of plaintiff’s testimony indicates that the loan was made by him personally to defendant. However, he makes certain admissions on cross-examination which support the other testimony in the record that the money loaned was partnership money and that the loan was made on behalf of the partnership. The District Judge .evidently reached the conclusion that the debt due by defendant was to the partnership then existing between plaintiff and Golbert Fusilier. The evidence supports this finding.
Plaintiff in brief, while still contending that the entire $325 was advanced by plaintiff- individually, argues in the alternative that the partnership is dissolved by the death of one -of its members and that the assets of the partnership become vested in the individual partners, one-half to each.
Articles 1138 and 1139 of the Revised Civil Code set forth the rights and obligations of surviving partners in commercial partnerships. In the case of Crozier v. Hodge, 3 La. 357, Crozier, a surviving partner of a commercial firm, sued Hodge seeking to recover from him the whole amount of two notes executed by Hodge in favor of the partnership in which Crozier was a member. The Supreme Court reversed a judgment rendered by the District Court in favor of the surviving partner and dismissed the petition at plaintiff's cost, setting forth the reasons for doing so in the following language:
“By the laws of Louisiana, a surviving partner has not as such, the right to sue or receive the debts due to the firm, though he may obtain the authority to do so, by applying for letters of curatorship on the estate of the deceased partner, where the heirs are absent. Louisiana Code, 1131-32. (Now Revised Civil Code, Articles 1138 and 1139).
“This is not the case of one creditor in solido who has a right to receive the whole of the debt, and who perhaps might sue for it. The obligation is made to a commercial firm, and the parties composing it must join in the action, for the debt is due to the partnership collectively, and not to one or other of the partners as creditors in solido.”
*167 The Supreme Court’s opinion in the case of Flower v. O’Conner, 7 La. 194, reaffirmed its holding in the Crozier case, supra, and annulled a judgment of the District Court in favor of the surviving partner, dismissing the case as of nonsuit, using the following language: “The second error assigned is certainly fatal. The Code in all commercial partnerships, gives to the surviving partner, after the portion of the deceased partner, in the partnership effects, has been ascertained and estimated, the right to require that this portion should remain with his own, in order that the whole may be applied to the discharge of the partnership debts, if necessary. La.Code, art. 1131. The next succeeding article requires him to give bond for that purpose. Accordingly this court held in the case of Crozier v. Hodge, 3 La. 357, that a surviving partner does not possess the rights, until he is authorized by the Court of Probates, to - sue for, or receive partnership debts.”
In the case of Cutler v. Cochran, 13 La. 485, the Supreme Court of Louisiana held that: “On the dissolution of a partnership by the death of a partner, the survivor cannot sue without joining the representatives of the deceased one.”
In the case of Silvernagle & Company v. Fluker, 21 La.Ann. 188, the Supreme Court held that the surviving members of a commercial partnership had the right to institute suit on a firm obligation provided there was joined with them the legal representative of the deceased partner.
We therefore conclude that for the plaintiff in this case, Aaron Fusilier, to successfully maintain his suit on the partnership obligation, it was necessary for him either to have complied with the requirements of Article 1138 et seq. of the Revised Civil Code, or, in the alternative, to have joined as party plaintiff the legal representative or representatives of his deceased partner.
Therefore, the judgment appealed from is avoided and reversed and judgment is now rendered in favor of defendant dismissing the action as of nonsuit. Plaintiff to pay costs of both courts.