AYRES, Judge.
In this suit by the divorced wife of the defendant, she prays for judgment for one-half of the balance of principal and interest at 6 percent per annum, plus 10 percent additional as attorney’s fees, on a $3,000 mortgage note assumed by the defendant, as her portion of the community estate formerly existing between them. In the alternative, she prays to be decreed the owner of an undivided one-half interest in the real estate mortgaged securing the aforesaid note. She further prays for general and equitable relief.
From a judgment dismissing her suit as of non-suit, plaintiff appealed to this court.
Plaintiff and defendant were married in 1945 and divorced July 15, 1953. During the existence of their marriage, certain real estate and personal property were acquired, which became assets of the community of acquets and gains then existing between them, which assets included a $3,000 mortgage note executed by Harvey E. Davis to defendant October 31, 1952, given in partial payment of the purchase price of a small tract of land situated in Caddo Parish, Louisiana, which on said date was sold’, by defendant to Davis.
Defendant claims that on the dissolution, of the community formerly existing between, him and his wife said estate was heavily burdened with debts, exceeding the value of the property thereof, and that, in effect,, plaintiff’s interest was residuary and dependent upon whatever remained after the-liquidation and settlement of the community debts. In his answer defendant lists and' enumerates purported obligations "of the-community, after the payment of which from the assets of the community, little,, if anything, would be left for partition between them. He alleged the community has not been liquidated or settled, and that in the event of such liquidation plaintiff would not be due anything from the estate. Upon this ground he bases an exception of no cause or right of action, which was referred to the merits of the case.
The record discloses, partially through admissions in defendant’s answer and his. admissions as a witness and by the testimony of plaintiff, all of which testimony was admitted without objection, that subsequent to the divorce between plaintiff and defendant they agreed upon a settlement of the community estate and, in accordance there with, the note was placed with a local bank for collection, with instructions to deposit one half of the monthly collections thereon, to plaintiff and the other half to defendant. This arrangement constituted a part of the settlement made in settling the estate as between them. Defendant ’admitted and recognized that his former wife was entitled to a half interest in the note. Davis made payments upon said note to about September 1, 1954, reducing the principal balance to $2,762.12. Upon that date defendant repurchased the property from Davis and,, as pa'rt of the consideration therefor, assumed the paytnent of the aforesaid mortgage no'te, hence the reason for Davis discontinuing payments. Defendant did not resume such payments or make payments, of his wife’s portion thereof. While defendant claimed the estate was insolvent,. *862 there is evidence in the record that defendant obtained funds from the sale of portions of the assets and from the collection of a doss sustained under a fire insurance policy sufficient to pay the indebtedness.
However, so far as this action is concerned, whether the estate owed debts or not or whether defendant obtained and retained sufficient funds and assets to pay the obligations of the estate, is unimportant and immaterial. After the dissolution of the marriage, plaintiff and defendant made a settlement of the community estate and plaintiff was transferred one-half interest in the Davis mortgage note. This was in accordance with their settlement of the community estate between them. This was clearly established in the record by evidence introduced without objection. Accordingly, the pleadings were enlarged and the omissions therein were supplied.
Defendant, in subsequently acquiring the note and assuming its payment without the knowledge or consent of plaintiff, could not affect plaintiff’s right to one-half of the proceeds of said note. Moreover, defendant’s assumption of the payment of the note is inconsistent with any idea that the obligation had been extinguished by confusion. It, therefore, necessarily follows that plaintiff is entitled to recover judgment of defendant for one-half the balance due on the note, plus interest as therein stipulated, but not the attorney’s fees inasmuch as this is not an action on the note itself but upon an obligation arising in the settlement and liquidation of the community estate as between them.
Plaintiff’s petition, therefore, enlarged by the introduction of evidence without objection, as aforesaid, discloses a cause and right of action and the exception thereto is, therefore, overruled.
The judgment appealed is, therefore, annulled, avoided, reversed and set aside and there is now judgment in favor of the plaintiff, Mrs. Evel Mae Morgan, against the defendant, Eugene W. Fuller, for the full sum of $1,381.06, with 6 percent per annum interest thereon from September 1, 1954, until paid, and all costs of this suit.
Reversed and rendered.