98 So.2d 268 (1957)
Joseph B. MODICUT, Plaintiff-Appellant,
v.
Joseph E. RIST, Defendant-Appellee.
No. 4490.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
*269 Watson, Blanche, Fridge, Wilson, Posner & Thibaut, David W. Robinson, Baton Rouge, for appellant.
James D. Womack, Jos. A. Loret, Baton Rouge, for appellee.
TATE, Judge.
Plaintiff appeals from judgment dismissing his suit for property damage sustained in an intersectional collision.
Defendant has filed an exception of no right of action in this court on the ground that the evidence at the trial discloses that plaintiff Modicut is not the owner of the damaged truck. The driver of this truck testified on direct examination on behalf of plaintiff that he was employed by "Jay's Grocery", which he said was owned by plaintiff and Sam Polite, and that this firm owned the vehicle in question. Further, the mechanic who corroborated the estimated damages to the truck, in testifying, referred to it as owned by "Jay's Grocery", as does his written estimate of the damages made right after the accident.
Under the Louisiana civil law a partnership is an entity separate and distinct from the partners thereof. Trappey v. Lumberman's Mutual Cas. Co., 229 La. 632, 86 So.2d 515. Suits for partnership claims must be filed by the partnership itself (appearing through and represented by all its partners) and cannot be prosecuted by the partners individually. Wolf v. New Orleans Tailor-Made Pants Co., 52 La.Ann. 1357, 27 So. 893; Fusilier v. Guillory, La.App. 2 Cir., 53 So.2d 165; cf. Credit Industrial Co. v. Jewell, La.App. 1 Cir., 58 So.2d 239. Thus, if defendant-appellee's contention is correct, the plaintiff was without interest or right to prosecute this suit for damages to a partnership vehicle.
The plaintiff-appellant replies that ownership of the vehicle was not put at issue by the pleadings and that, in fact, defendant's answer in one article refers to plaintiff as "the owner of said [damaged] truck."
Able counsel for plaintiff urges that under LSA-Civil Code Article 2291 the latter allegation constitutes a judicial admission and is full proof against the defendant. However, if indeed this offhand reference could be regarded as a judicial confession, Article 2291 itself provides that such an admission is not binding when "made through an error in fact", such as through ignorance of or a misapprehension of the true facts, Watkins v. Cawthon, 33 La.Ann. 1194; Southern United Ice Co. v. Rapides Grocery Co., La.App. 1 Cir., 187 So. 313, or such as through a miscomputation of the true total debt due, Barriguand v. Cistac, 7 Orleans App. 300.
We think applicable instead to be the principle that evidence that goes beyond or contradicts the pleadings, enlarges them when admitted without objection and may be considered by the court. Joly v. Williams, 215 La. 312, 40 So.2d 476; Smith v. Cook, 191 La. 575, 186 So. 32; Morgan v. Fuller, La.App. 2 Cir., 84 So.2d 860, Bartolotta v. Gambino, La.App. 2 Cir., 78 So.2d 208; Glass v. McLendon, La.App. 2 Cir., 66 So.2d 369. (This rule of course does not apply to evidence admissible under the pleadings, as such evidence thus does not enlarge them so as to create a new or different issue. Friedman Iron & Supply Co. v. J. B. Beaird Co., 222 La. 627, 63 So.2d 144; Bayou Rapides Lbr. Co. v. Campbell, 215 La. 849, 41 So.2d 781.)
The following expressions of this principle seem applicable to the present situation: "[A]n objection that a certain matter is not at issue under the pleadings, or that it is not denied, or properly denied, may be waived by a party where he introduces or brings out evidence bearing on the subject, or fails to object to evidence offered *270 by the adverse party," 71 C.J.S. Pleading § 573b, p. 1147. "[A] party may not object to the relevancy of the evidence which he causes to be introduced," 71 C.J.S. Pleading § 584, p. 1163. "The insufficiency of the pleadings to raise the issue on which evidence is admitted may be waived by failure to object to its admission or by other action inconsistent with the right to interpose such objection," 71 C.J.S. Pleading § 586, p. 1165.
Plaintiff-appellant most forcefully urges that it is extremely unfair that he be bound by the perhaps unfounded and unconsidered answers of an illiterate truckdriver concerning a matter not at issue at the trial, the technical ownership of "Jay's Grocery" as owner of the truck. It is perhaps for such reasons that the Code of Practice requires that the peremptory exception of no right of action "must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence," Article 346, and further requires that if pleaded on appeal, "the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea," Article 902; see Higginbotham v. Inland Empire Ins. Co., La.App. 1 Cir., 88 So.2d 711.
Whether, should the exception of no right of action be maintained below, the District Court is required to dismiss the action as of non-suit, Fusilier v. Guillory, La.App. 2 Cir., 53 So.2d 165, or may instead permit impleading of the correct party by amendment, Brocato v. T.S.C. Motor Freight Lines, Inc., La.App.Orl., 22 So.2d 480 (Cert. denied); Noted, 20 Tul.L.Rev. 142; see McMahon, Louisiana Practice, 1956 Supplement, p. 44; is not a question now before this Court.
For the above and foregoing reasons, this matter is remanded to the trial court for the limited purpose of trying the exception of no right of action filed in this court (which is based upon plaintiff's alleged non-ownership of the damaged truck) and of making such rulings resultant thereupon as permitted by law. Costs of this appeal to be paid by plaintiff-appellant; all other costs to await final disposition of this case.
Remanded.