SARTAIN, Judge.
This is an appeal by defendant from summary judgment in favor of plaintiff arising out of a dispute over an automobile rental agreement. For the reasons assigned below, we affirm.
The contract, attached to plaintiff’s original petition, provided for payment of $9.00 per day and ten cents per mile for use of an automobile, plus an additional fee of $2.50 per day for insurance coverage. According to the contract, defendant leased the car from January 2, 1973 thru March 13, 1973, whereupon the charges totaled $1,175.34.
Following defendant’s answer denying liability, plaintiff filed a motion for summary judgment supported by the affidavit of its general manager, Mr. Don Parish. Therein Mr. Parish states that he personally handled the execution of the lease and it was defendant’s true and genuine signature which appeared thereon.
No supporting affidavits were submitted by defendant, and summary judgment was subsequently rendered in favor of plaintiff.
Defendant contends the judgment was not appropriate because the contract referred to in plaintiff’s supporting affidavit was not attached thereto. He relies on the *547 wording of C.C.P. Art. 967 which states relevant part: in
“Art. 967. Same; affidavits
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. * * * ”
We feel the above language must be viewed in light of C.C.P. Art. 966 which states:
“ . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
It is clear that a determination of the propriety of summary judgment is based upon the substance of all the above mentioned documents. When the affiant refers to one of these documents which is already in the record and which has already been served on the opposing party, there is no reason to invalidate a summary judgment that is otherwise appropriate merely because a duplicate of the document is not attached to and again filed with the affidavit. In the present case, the agreement in dispute has been incorporated into the pleadings and as such has been made a part of the record, and likewise has been served on the opposing party.
Furthermore, we find no material issue of fact as defendant has not submitted any affidavits to support the allegation of her pleadings in opposition to the motion. The rule under these circumstances is clearly set forth in C.C.P. Art. 967 and elaborated upon by the court in Joiner v. Lenee, 213 So.2d 136 (3 La.App., 1968, writ refused) wherein it is stated at page 139:
“If the mover at the trial of a motion for summary judgment produces convincing proof, by affidavits or other receivable evidence, of the facts upon which the motion is based, and no counter-affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings.”
Therefore, in the absence of any material issue of fact, and the law being in favor of the plaintiff, the decision of the trial court is affirmed. All costs of this appeal are taxed to defendant.
Affirmed.