337 So.2d 289 (1976)
William Thomas BARHAM, Plaintiff-Appellee,
v.
Mary Brodnax BARHAM, Defendant-Appellant.
No. 12980.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing Denied September 27, 1976.
Writ Refused December 8, 1976.
*290 James Sparks, Jr., Monroe, for defendantappellant.
James P. Madison, Bastrop, for plaintiffappellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied September 27, 1976.
HALL, Judge.
In this domestic relations case the defendant-wife appeals from a judgment granting the plaintiff-husband a divorce, awarding the husband custody of three minor children, and awarding the wife alimony of $300 per month. The issues on appeal presented by appellant's specifications of error relate to the trial court's (1) refusal to grant a continuance and alleged refusal to allow appellant's newly employed attorney to recall witnesses; (2) denial of appellant's motion to recuse the trial judge; (3) conclusion that appellant failed to prove her defense of reconciliation; and (4) award of custody of the children to appellee. The alimony award is not at issue on appeal.
Procedural Background
In April, 1975, the husband filed suit for divorce under LSA-R.S. 9:301 on the grounds of living separate and apart continuously for more than two years and for custody of the parties' three children who were then still minors. By exceptions and answer the wife, through counsel, denied the continuous separation for more than two years and specifically alleged reconciliation by reason of four separate incidents of marital relations in September and October, 1974. The wife reconvened for custody of the children and for child support and alimony.
The preliminary matters were tried on May 16 and 22, 1975. Judgment was rendered on May 22 and signed on June 4. Alimony pendente lite was fixed and, by consent, the husband was awarded temporary custody of the three children, reserving to the wife the right to seek permanent custody. Throughout these proceedings the wife was represented by counsel.
The minutes reflect that on May 27, 1975, the case was ordered set for trial on June 11. On May 30, appellant's attorney withdrew as counsel by formal motion and order. On June 9, appellee's attorney and appellant, in proper person, appeared at a pretrial conference.
Continuance
When the case was called for trial on June 11 appellant orally moved for a continuance on the grounds that she was not represented by an attorney and that she was suffering from an eye disease which made participation in a trial difficult. Evidence was taken on the motion which showed appellant had several attorneys since the parties separated and that she ultimately discharged each of them including the attorney representing her in this proceeding who was discharged shortly before trial. Although she had talked to other attorneys she had no definite arrangements for the employment of counsel to represent her in this proceeding. Appellant testified she actually did not want to go to trial at all and was hoping for a reconciliation.
The trial court found there was little reason to believe appellant could or would employ an attorney to represent her within a reasonable period of time and appellee was entitled to go forward with the trial. The court further found from its observation and the inconclusive nature of a letter written by a doctor that there was no medical reason appellant could not proceed. The motion for continuance was overruled. Trial was commenced and appellee and two or three other witnesses testified throughout the day of June 11.
When court resumed the following day, June 12, a new attorney was enrolled as counsel for defendant. A written motion *291 for continuance was filed and granted. The case was continued until June 19.
Trial resumed on June 19. Counsel for appellant made an oral motion to begin the trial anew. The court declined to start the trial over from the beginning but advised counsel he could recall any witness he wanted as long as he was not too repetitious. The trial continued June 19 and 20. The case was taken under advisement and a decision was rendered June 27.
Appellant's oral motion for a continuance was not based on any of the peremptory grounds enumerated in LSA-C.C.P. Art. 1602. The granting of a continuance on grounds other than those listed in LSA-C.C.P. Art. 1602 rests within the sound discretion of the trial court. LSA-C.C.P. Art. 1601. We find no abuse of that discretion by the trial court in this instance. The medical reason for the continuance was not supported by the evidence or by the trial judge's observation of the appellant. She was unrepresented only because she discharged her attorney shortly before trial and had not made arrangements for another attorney. Her situation was of her own making. Appellant's own testimony strongly indicates she came to court on the day of trial without an attorney primarily for the purpose of obtaining a delay in the trial.
It is to be noted that when the trial proceeded with appellant unrepresented the trial court afforded her assistance and wide latitude in the conduct of her case, including cross-examination of appellee's witnesses. It is to be further noted that after only a part of one day of trial, when counsel was enrolled for appellant the court did grant a continuance and, in addition, allowed counsel wide latitude to recall witnesses who had previously testified. The case was thoroughly and capably tried on behalf of appellant by her trial counsel, who called several witnesses on her behalf and who conducted vigorous cross-examination of appellee's witnesses. It should be noted that appellant was represented on appeal by still another attorney, who filed a competent brief on her behalf.
Appellant was fairly accorded her day, or several days, in court. There was no prejudice to her by reason of the denial of her motion for a continuance by the trial court, which soundly exercised its discretion in the matter.
Recusation
After the case was called for trial on June 11, and after appellant's motion for continuance was denied, appellant orally moved that the trial judge recuse himself from the case. The reasons given by appellant were that the judge was prejudiced because he was previously involved as an attorney in litigation adverse to her in an estate matter and the judge showed his prejudice in denying the motion for a continuance.
The court denied the motion stating that it had no interest in the proceedings, that the litigation referred to was several years ago and had no connection with the instant suit, that the motion was not in writing as required by the Code of Civil Procedure and that the motion was not made prior to trial as required by the Code of Civil Procedure.
The ruling of the trial court was correct because the motion to recuse was not in writing and was not filed prior to trial as required by LSA-C.C.P. Art. 154. The litigation matter stated as the basis of the motion was known to appellant long before trial and the motion coming after trial commenced was not timely. Additionally, the motion, even if in proper form, was not based on any of the grounds for recusation provided in LSA-C.C.P. Art. 151.
After appellant obtained counsel and when trial resumed on June 19, a written motion for recusation was filed on her behalf, through counsel, alleging as grounds that the trial judge "is interested in the cause and defendant has filed a complaint with the Louisiana Supreme Court Judiciary Committee on same judge." Pursuant to LSA-C.C.P. Arts. 154 and 155, the trial *292 judge referred the motion to recuse to another judge of the same court for a hearing or trial. The minutes of the court reflect that the motion was taken up the same day before the other judge with all parties present. The other judge ruled that the motion was filed too late and had no valid grounds and the motion was denied.
Appellant argues that the judge who heard the motion to recuse did not allow the presentation of evidence. The record indicates that no evidence was taken but the record does not indicate that any effort was made by appellant's attorney to offer evidence in support of the motion. In any event, the fact alleged in the motion that appellant had filed a complaint with the Judiciary Commission against the trial judge does not constitute a ground for recusation under LSA-C.C.P. Art. 151. The filing of a complaint with the Judiciary Commission does not make the judge "interested in the cause" which is the only ground for recusation under Article 151 alleged in the motion.
The motion to recuse was properly referred to another judge for hearing and then was properly overruled by the other judge.
Reconciliation
After more than thirty years of marriage and the birth of seven children, the husband and wife separated at the husband's instance in March, 1973. They established separate homes and have not lived together since that time. The husband continued to live in Oak Ridge and the wife later moved to Bastrop. All three of the minor children have lived with the father since the separation, or not long thereafter, and a twenty year old daughter who attends Louisiana Tech lives with her father when not at college.
The wife's defense to the granting of the divorce is that the parties reconciled by having sexual relations on four specific occasions in August and September, 1974. The wife testified three of these acts occurred at a house where she was living and the fourth at the house of her husband. The husband testified he never had sexual relations with his wife after they separated and was careful not to even be in her presence without witnesses. All of the acts were alleged to have occurred during daylight hours in a small community, but the wife did not produce any corroborating witnesses or evidence that the husband was at her house at the alleged times. There was corroborating evidence that the husband was at another place at the time the first incident was alleged to have occurred.
The trial court held the wife's testimony was not credible, because of its unreasonableness. The court further held that the party relying on reconciliation as a defense has the burden of proving such defense and defendant failed to bear that burden, citing Walker v. Walker, 159 So.2d 344 (La.App. 2d Cir. 1963). See also Joly v. Williams, 215 La. 312, 40 So.2d 476 (1949); Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404 (1945); Pace v. Pace, 144 So.2d 195 (La.App. 4th Cir. 1962); and Brown v. Brown, 260 So.2d 66 (La.App. 4th Cir. 1972) writ refused 261 La. 1067, 262 So.2d 45 (1972).[1]
*293 The evidence positively establishes that the husband and wife lived separate and apart in separate homes continuously for more than two years. In the face of this evidence, which clearly establishes a prima facie case for granting a divorce under LSA-R.S. 9:301, the burden was on the wife to establish any facts which she relied on as amounting to a reconciliation or as establishing that the parties did not, in fact, live separate and apart continuously for the two-year period. She failed to bear that burden of proof. The weight of the evidence does not support her allegations. In fact, the preponderance of the evidence is to the contrary. The alleged acts of sexual relations are inconsistent with the attitudes and actions of the husband, in his late sixties, toward the wife, in her early fifties, which show a total lack of affection. He was seldom if ever around her without witnesses present or unless there was some particular reason for him to be in her presence. His whereabouts elsewhere on the date of one of the alleged incidents is corroborated.
The husband proved the grounds for divorce under LSA-R.S. 9:301 and the evidence does not support the wife's defense.
Custody
Of the three minor children, the custody of whom was awarded to the father, one is no longer a minor and one died subsequent to the custody judgment. The remaining minor child is a seventeen year old boy who had lived with the father for more than a year prior to trial, along with the other three children who were then still at home. The record shows that all of the children were well-adjusted, attended school, made good grades and were well-disciplined. Their father, who is retired, stays at home most of the time, prepares the meals, and attends to the children's other needs. The son whose custody is in question testified that he prefers to live with his father and that he would not live with his mother no matter what the court ordered. Although the child's wishes are not determinative of the custody issue, it is a factor to be considered particularly since the child is not of a young age but is close to majority. The record shows that even before the parties separated the father prepared the meals, did the shopping, and attended to most of the other duties related to caring for the children. The evidence is overwhelming that it is in the best interest of the remaining minor child that his custody remain with his father. It would not be to the advantage of the child to upset his present situation and change custody to the mother at this point in time.
Conclusion
For the reasons assigned, the judgment of the district court is affirmed, at appellant's costs.
Affirmed.
NOTES
[1] In a dissenting opinion in the Brown case, Judge Lemmon, while agreeing with the majority that a party relying on reconciliation as a defense has the burden of proving the reconciliation, disagreed with the result reached under the facts of the case. The judge opined that reconciliation is the resumption or reestablishment of the relationship which formerly existed between the parties. The issue of reconciliation should be determined after consideration of all of the actions of the parties and all the circumstances of the case. One act or several isolated acts of sexual intercourse are not solely determinative of the issue of reconciliation.

In a suit for divorce under LSA-R.S. 9:301, where acts of sexual intercourse are alleged as a defense, the issue may be more properly described as whether the parties in fact lived separate and apart continuously for the required period, rather than whether there was a "reconciliation". If it were necessary to reach that issue in this case, a serious question would be presented as to whether four isolated incidents of sexual relations during a two-year period in which the parties otherwise lived entirely and continuously separate and apart would defeat the husband's action for divorce under LSA-R.S. 9:301.