REDMANN, Judge.
The maker and indorser of a promissory note appeal from a summary judgment for its amount in favor of plaintiff payee. They argue that the failure of plaintiff’s supporting affidavit to attach “sworn or certified” copies, La.C.C.P. 967, of the note and the previous note of which it was a renewal, both referred to in the affidavit, prevents summary judgment. We disagree.
“When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.” La.R.S. 10:3-307(2). Had the petition separately alleged and the answers admitted the signatures of defendants, no affidavit would have been necessary, C.C.P. 966, because no defense was asserted. The affidavit was necessary only to show that there was no dispute that defendants’ signatures were genuine. Any other allegations were superfluous.
*704 We reason that C.C.P. 967’s requirement of copies of all “papers” referred to in an affidavit “means that if written documents are relied upon they actually must be exhibited;” Wright and Miller, Federal Practice and Procedure, § 2722, 484-485. The affidavit here does not rely upon any paper to prove defendants’ signatures: the affiant avers that he saw defendants sign “the note herein sued upon” which was already in the court record.
Defendants did not by counteraffidavit deny or even question the genuineness of their signatures, and in this court they do not contend they were prejudiced by the failure to attach a sworn or certified copy of the note to the affidavit.[1] They simply argue technical noncompliance with the statute.
Plaintiff’s answer to this appeal seeks exercise of our discretion under C.C.P. 2164 to grant damages for frivolous appeal. Damages are refused as inappropriate because there was a genuine issue as to whether summary judgment was properly granted.
Affirmed.

. Only a sworn photo copy of the note would have been of value to defendants in denying their signatures. C.C.P. 967 only requires a sworn copy, which presumably can be a non-photographic copy.