398 So.2d 556 (1980)
FIDELITY NATIONAL BANK OF BATON ROUGE
v.
COLEMAN AMERICAN MOVING SERVICES, INC., et al.
No. 13057.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Ralph Hood, Roland C. Kizer, Jr., Baton Rouge, for plaintiff-appellee Fidelity National Bank of Baton Rouge.
Ronald W. Guth, Slidell, Stephen R. Wilson, Baton Rouge, for defendants-appellants Coleman American Moving Services, *557 Inc., Coleman American Companies, Inc., James F. Coleman, Douglas M. Coleman, and Patrick B. Coleman.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Fidelity National Bank of Baton Rouge sued on a promissory note and two contracts of suretyship. The trial court granted the bank's motion for a summary judgment. Defendants appeal.
The issues on appeal are whether the trial court erred in denying defendants' motion for a continuance and whether the summary judgment was properly granted.
On the issue of the refusal to grant a continuance, we note the following facts. Fidelity Bank filed suit on January 19, 1979. Defendants' answer, signed by counsel, was not filed until March 6, after the entering of a preliminary default. On May 9, the bank filed a motion for summary judgment and on May 14, a hearing was set for June 1. Two days before the hearing defendants hired their present attorney. On May 31, defendants' new counsel asked to be enrolled as counsel of record and filed a motion for a continuance of the hearing on the motion for summary judgment. The request for a continuance was denied without a hearing.
Defendants' motion for a continuance contained no allegations amounting to one of the peremptory grounds set forth in Code of Civil Procedure article 1602. The motion merely stated additional time was needed because counsel had only recently been retained. Article 1602 requires a showing of due diligence by the party applying for the continuance. Any failure by defendants to prepare and present material evidence was due solely to their own lack of diligence in engaging counsel.
The granting of a continuance on grounds other than those listed in article 1602 rests within the sound discretion of the trial court. C.C.P. art. 1601; Town of Richwood v. Goston, 340 So.2d 632 (La.App.2d Cir. 1976); Barham v. Barham, 337 So.2d 289 (La.App.2d Cir. 1976). We find no abuse of discretion in denying a continuance to parties whose unpreparedness is due to their own unexplained delay in securing counsel. Barham v. Barham, supra; Evans v. Travelers Insurance Co., 220 So.2d 117 (La.App.3d Cir. 1969). Defendants also complain that no hearing was held on their motion for a continuance (C.C.P. art. 1605), but we note the record contains no evidence a hearing was ever requested.
Defendants attack the granting of the motion for summary judgment on the grounds that the documents referred to in plaintiff's affidavit were not attached to nor served with the affidavit. The bank supported its motion for summary judgment with an affidavit of a bank officer who stated he had personal knowledge of the execution and content of the note and contracts of suretyship and of the sums due thereunder. Copies of the note and suretyship contracts were not attached to nor served with the affidavit. However the documents had been attached to the petition.
Defendants rely on Code of Civil Procedure article 967, which states in pertinent part: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Defendants argue that plaintiff's failure to serve copies of the note and guaranties with the affidavit is a sufficient basis for reversing the summary judgment. We disagree. In the instant circumstances defendants' argument is hypertechnical and contrary to the dictates of Code of Civil Procedure article 5051. Defendants do not assert any actual prejudice resulted. The documents, which were clearly identified in the affidavit, were already part of the record and, by virtue of Code of Civil Procedure article 966, were properly considered by the trial court in acting on the motion. First Progressive Bank v. Griffith, 354 So.2d 703 (La.App.4th Cir. 1978). Furthermore, we find no genuine issue of material fact as defendants did not submit countervailing affidavits or other receivable evidence. C.C.P. art. 967.
*558 For the above reasons, the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.