BOWES, Judge.
Defendant, Joel Roussel, appeals a judgment of the district court recognizing plaintiff, Ten Point Properties, Ltd., as the holder in due course of an installment promissory note in the principal amount of $53,-000.00, paraphed “Ne Varietur” for identification, with a pledge agreement of partnership interest in Ten Point Properties; the court further recognized the agreement as a valid pledge; and, finally, the court ordered judgment in the amount of $39,000 (representing unpaid, past-due, installments), plus interest and attorney’s fees. We affirm.
The only error alleged on appeal is that the trial court abused its discretion in refusing to grant a continuance, a motion for which was filed on the morning of the trial.
Plaintiff, Ten Point Properties, filed suit on April 25, 1986. Defendant, Joel Rous-sel, answered in proper person and, on July 15, 1986, the trial court set the matter for hearing for September 29, 1986. On August 22, defendant wrote a letter to the clerk of court requesting the trial be reset after December 23, 1986, “at such time I will be able to either retain an attorney or be available to appear by myself.” Rous-sel stated in the letter that he was presently out of the state until December 23rd and did not have an attorney to represent him in the case. The Court denied the motion with the reason that “There is ample time for defendant to retain an attorney before trial.”
The next entry in the record is the written motion for continuance filed just before trial was scheduled to begin. Counsel for defendant stated both in the motion and orally in court that he had been retained at 9:00 a.m. that very morning, and therefore he needed time to prepare his case. He was unable to state whether a continuance would allow him to raise any defenses or benefit his case. The trial judge denied the motions. Trial proceeded, resulting in a judgment against the defendant.
On appeal, defendant does not seek to apply La.C.C.P. art. 1602, which states the peremptory grounds for granting a continuance, nor, indeed, is the article applicable.[1] C.C.P. art. 1601 states that a continuance may be granted in any case if there is good ground therefor. Such determination is within the sound discretion of the trial court. Johnson v. Fuselier, 302 So.2d 721 (La.App. 3 Cir.1974).
In the instant case, the defendant was notified of the date of trial approximately two and one-half months in advance. More than one month passed before the letter “motion” for continuance was filed by Mr. Roussel, and more than one month remained before trial, following the denial of such motion, for defendant to retain legal counsel. No reason was given by the defendant for his failure to obtain an attorney prior to the morning of trial. In Fidelity National Bank of Baton Rouge v. Coleman American Moving Services, Inc., 398 So.2d 556 (La.App. 1 Cir.1980), the court affirmed the denial of a continuance by the trial court, stating:
We find no abuse of discretion in denying a continuance to parties whose unpreparedness is due to their own unexplained delay in securing counsel.
The Court noted that the defendants had retained counsel two days before hearing, which had been set for two weeks. In affirming judgment, also on a promissory note, the Court found that “Any failure by defendants to prepare and present material evidence was due solely to their own lack of diligence in engaging counsel.”
We find the same situation exists here. The answer filed by Mr. Roussel was so *181 phisticated in form and in substance, suggesting that the defendant is either extremely familiar with legal procedure or had access to professional legal advice and assistance. We, therefore, conclude that, in the absence of any specific or inferred valid reason for the defendant’s failure to obtain counsel earlier, there was no abuse of discretion by the court in its refusal to grant a continuance.
The judgment appealed from is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.

. Art. 1602. Peremptory grounds
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.