NESTOR L. CURRAULT, Jr., Judge Pro Tem.
Dr. Joseph Beilina, plaintiff-appellee, filed suit against Dr. Gasper Lazzara, Jr., Ann Clark Lazzara, and Dr. Delbert E. Hale, defendants, on six promissory notes having a total face value of $434,566.28 and, according to the allegations of the petition, having a principal balance due of $359,129.87. After the disposition of exceptions and other preliminary matters, Dr. Beilina filed a motion for summary judgment. Following a hearing on the motion, the trial court cast all three defendants for the principal balance of $359,129.87 plus *1222 accrued interest and costs.[1] Two of the defendants, i.e., Dr. Gasper Lazzara, Jr. and Dr. Hale, took devolutive appeals. However, only Hale filed a brief in this Court. In essence, on appeal he contends the trial court erred in granting summary judgment because there was insufficient evidence in the record to support a judgment. For the reasons hereinafter stated, we affirm the judgment of the trial court.
In support of his motion for summary judgment, Beilina filed an affidavit stating that he conveyed property to the defendants, saw them execute the promissory notes in part consideration for the sale and that he was presently the holder of the bearer notes. Additionally, he filed a request for admission that copies of the promissory notes attached thereto were identical copies of the originals and defendants were “makers” of the notes.
On appeal, Hale argues the trial court granted summary judgment in favor of Beilina on insufficient evidence, namely, the original notes were not placed in the record and no certified copies of the notes were attached to Beilina’s affidavit filed in support of his motion for summary judgment. In support of his argument, Hale asserts the following contentions: 1.) the request for admissions cannot be considered as evidence in support of the motion for summary judgment because Hale filed a timely objection to it; 2.) the notes were not properly authenticated and introduced into evidence and thereby failed to establish the obligation sued upon; and 3.) certified copies of the notes were not attached to Beilina’s affidavit as required by C.C.P. art. 967.
Hale disputes that the request for admissions was used as evidence in the trial court’s resolution of the motion for summary judgment since he objected to it. Hale’s objection stated the following reason for his opposition to the discovery propounded:
“There is presently pending before this Honorable Court a declinatory exception of venue and jurisdiction which would preclude this matter from moving forward in this Honorable Court and movers herewith object to responding to the request for admissions and request for production of documents pending the outcome of the declinatory exceptions.” (Emphasis supplied)
Thus, a review of Hale’s objection reveals that he did not object to the substance of the request, but, instead he objected to responding to the discovery “pending the outcome of the declinatory exceptions filed.” Effectively, Hale’s objection sought to postpone the need to answer rather than objecting to the substance of the pleading.
While Hale subsequently filed a response to certain discovery pertaining to a request for production of documents, no response was ever filed to the request for admissions.
Under the circumstances, the request for admissions was properly deemed admitted as Hale failed to properly object to that discovery pleading in accord with C.C.P. art. 1467. See, Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). More particularly, Hale’s failure to respond to the fifth request for admissions, concerning whether the copies of the notes attached thereto were identical to the original notes signed by him, constitutes an admission that the notes were indeed identical to the originals. See, eg., Larkin v. First of Georgia Underwriters, 466 So.2d 655 (5th Cir.1985). Also, the notes were properly considered as evidence by the trial court since Hale effectively acquiesced to the original notes being admitted into evidence based on his failure to properly and timely object. Hence, this argument lacks merit.
Next, Hale complains that the notes were not properly authenticated and thereby failed to establish the obligation to pay. He maintains that C.E. arts. 1002 and 1003[2] require the original of the contract *1223 made the basis of the lawsuit be introduced into evidence in order to prove the content of the writing. This argument is preter-mitted by the finding above that Hale admitted the notes were copies of the originals.
The record reflects that the original notes were introduced into evidence at the first hearing on Beilina’s motion for summary judgment on February 20, 1990, after which copies were substituted for the originals. Thus, the requirement of submitting the original notes to prove the content therein was complied with in accord with C.E. arts. 1002 and 1003. This argument lacks merit.
Finally, Hale asserts that C.C.P. art. 967 requires that sworn or certified copies of all papers referred to in an affidavit offered in support of a motion for summary judgment be attached to the affidavit or served therewith. Hale argues that Beili-na’s failure to serve copies of the notes is sufficient basis for reversing the summary judgment. Because the documents were attached to the petition as well as to the request for admissions, we disagree with Hale’s argument.
We think that C.C.P. art. 967 must be read along with C.C.P. art. 966 which states in part as follows:
“... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
The propriety of sustaining a summary judgment is based upon the substance of all of the above mentioned documents.
Because the notes referred to by Beilina in his affidavit were already in the record and had already been served on Hale, “there (was) no reason to invalidate a summary judgment that (was) otherwise appropriate merely because a duplicate of the document (was) not attached to and again filed with the affidavit.” Parish Motors, Inc. v. Reed, 305 So.2d 546 (1st Cir.1974). See also, Fidelity Nat. Bank v. Coleman Am. Moving, 398 So.2d 556 (1st Cir.1980).
Moreover, in the present case, Hale’s argument is hypertechnical and contrary to the dictates of C.C.P. art. 5051.[3] Further, Hale does not complain that any actual prejudice resulted due to lack of notice. Fidelity Nat. Bank, at 557. Therefore, this argument also lacks merit.
Because we find no genuine issue of material fact, as Hale did not submit a countervailing affidavit, we hold that the motion for summary judgment was properly granted.
For the above reasons, the judgment of the trial court is affirmed. Costs are taxed to the defendant-appellant Hale.
AFFIRMED.

. Although Beilina sought 10% attorney fees as stipulated by the notes, the trial judge denied summary judgment for the attorney fees.

. C.E. arts. 1002 and 1003 state as follows:
Art. 1002. Requirement of original
To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as *1223 otherwise provided by this Code or other legislation.
Art. 1003. Admissibility of duplicates
A duplicate is admissible to the same extent as an original unless:
(1) A genuine question is raised as to the authenticity of the original;
(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; or
(3)The original is a testament offered for probate, a contract on which the claim or defense is based, or is otherwise closely related to a controlling issue.

. C.C.P. art. 5051 states as follows:
"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.”