| iHIGHTOWER, Judge,
concurring.
The issue of “reconciliation” logically should be addressed only after determining whether the parties have, in fact, lived entirely separate and apart continuously since the filing of the petition at least 180 days earlier. See LSA-C.C. Art. 102; LSA-C.C.P. Art. 3952. That burden, the burden of positively proving a continuous separation, reposes upon the moving party, in this instance, the wife.
Both the majority and the trial court have discussed the present case totally in terms of the defense of reconciliation, without ever directly resolving whether the plaintiff wife proved that she and her husband actually lived separate and apart continuously during the requisite period. Cf. Judge (later Justice) Hall’s footnote comments in Barham v. Barham, 337 So.2d 289 (La.App. 2d Cir.1976). Importantly, with continuous separation framed as the issue here, it becomes considerably more problematic as to whether the burden has been sustained. Even saying the very least in that regard, the actions of this wife are — in the words of the trial judge — both “confusing and paradoxical.”
Without reciting all of the details, these are some of the facts that create concern with respect to whether the parties actually lived continuously separate and apart:
1. Mr. Woods continued, from November until February 1994, to live in the garage apartment next to the wife’s matrimonial residence.
2. He was in and out of the residence on a frequent basis.
3. Almost daily the parties were in the residence, sometimes alone, while he showered there.
4. He was frequently in the residence at night, sometimes with only the two parties there.
*137 5. The parties frequently were in the house until 2:00 or 3:00 a.m. discussing their marital problems.
6. The parties and their children participated in two sizeable family projects together at the residence.
7. In January 1994, the parties reopened a joint savings and checking account.
8. On their January 2 wedding anniversary, the wife accepted a ring from her husband, and they traveled from Ruston to Shreveport to have dinner together and go dancing.
|29. On Valentine’s day, she gave him a jogging suit and he gave her roses.
While animosity and hostility are not, and should not, be required preceding a divorce, a societal interest understandably enters the equation. If parties are to avail themselves of Article 102, it is certainly reasonable that society be able to recognize they are continuously living separate and apart. Here, in light of all of the circumstances and all of the activities of these individuals, the community well could have reached the opposite conclusion.
Summarizing, the record reveals a strange relationship between these parties during the period in question, so strange indeed that I have reservations about the trial court judgment.
All that said, appellant does not expressly assign error to this facet of the district court decision. Presumably then, the trial judge concluded that, in fact, the parties continuously lived separate and apart from the filing of the petition.
Accordingly, with substantial misgivings, I concur in the result.