PARISH OF ST. CHARLES THROUGH THE
DEPT. OF PLANNING & ZONING

VERSUS

LISA N. CAREY

NO. 20-CA-457

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 85,549, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING


October 06, 2021


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst


**AFFIRMED**
    **JGG**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
PARISH OF ST. CHARLES THROUGH THE DEPT. OF PLANNING &
ZONING
    Robert L. Raymond

COUNSEL FOR DEFENDANT/APPELLANT,
LISA N. CAREY
    In Proper Person

**GRAVOIS, J.**

Defendant/appellant, Lisa N. Carey, appearing in proper person on appeal, appeals the trial court's September 21, 2020 judgment which granted relief in favor of plaintiff/appellee, the Parish of St. Charles, on its petition to enforce Code of Ordinances provisions relative to unsafe structures, ordering Ms. Carey to remove unsafe structures from property she owns in Hahnville, Louisiana. On appeal, Ms. Carey argues that the trial court erred in denying her request for a continuance filed on the morning of trial. She also argues that the trial court erred in not notifying the lien holder on the subject property to appear and defend its interest. For the following reasons, we find no merit to the assignments of error and thus affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2018, the Parish of St. Charles, through the Department of Planning and Zoning ("the Parish") filed a petition against appellant Lisa N. Carey, alleging that she is the owner of certain immovable property located in Hahnville, St. Charles Parish, Louisiana,[1] that contained unsafe structures, "damaged by fire," whose conditions were in violation of St. Charles Parish Code of Ordinances, Chapter 16, Article IV, Section 16-47 ("the Ordinance"), pertaining to unsafe structures that must be demolished and removed.[2] The petition recited that despite amicable demand upon Ms. Carey, she failed to remedy the condition of the structures or comply with the Ordinance. The Parish sought a permanent injunction against Ms. Carey, requiring her to comply with the Code of Ordinances by demolishing and removing the unsafe structures from the subject property, or in

---

[1] According to the record, the subject immovable property is identified as Lots 5-C and 5-D of Square 5 in the Village of Hahnville, which Square 5 is bounded by Morgan, Dostie (or Sycamore), and Hahn Streets, and the public road now known as River Road, according to a survey made by R. P. Bernard, Surveyor, dated January 31, 1966, and which immovable property has physical addresses of 116 Byrd Lane (Lot 5-C) and 118 Byrd Lane (Lot 5-D), Hahnville, Louisiana 70057.

[2] According to the record, these structures are described as two multiunit apartment buildings.

the alternative, upon her failing compliance, an order allowing the Parish to enter the subject property and demolish the structures at Ms. Carey's costs.

On January 25, 2019, Ms. Carey, in proper person, answered the petition, admitting ownership of the subject property as alleged by the Parish, but denying that said structures were damaged by fire. She denied knowing that there were any problems with the buildings until January 11, 2019, when she was served with the Parish's petition. She stated that she inspected the buildings on January 13, 2019 and found that they had been vandalized and were missing many of their interior fixtures, such as furniture, appliances, and electrical fixtures. She denied, however, the Parish's allegation that she had failed to comply with Parish ordinances, claiming that eight months prior, she had been "restrained" by a "verbal order" issued by the St. Charles Parish Department of Planning and Zoning forbidding her or her representatives from working on the property. In her answer, Ms. Carey prayed that the Parish cease and desist from its plans to demolish the buildings, and that the verbal order be lifted so that she could work on the buildings to bring them into compliance with Parish ordinances.

The matter was originally set for trial on April 5, 2019. At the Parish's request, the matter was reset for trial on May 3, 2019. On the morning of May 3, Ms. Carey, through counsel, filed a motion for a continuance, alleging that she was working with her insurance companies to adjust the theft and vandalism damage to the buildings and to "get said property up to code," and needed more time to prepare for trial. The trial court granted the continuance without date.

On July 11, 2019, the Parish filed a first supplemental and amending petition, correcting the property description and omitting the allegation that the property had sustained fire damage, but otherwise maintaining the allegations that the structures in question were unsafe and in violation of the St. Charles Parish Code of Ordinances.

On August 2, 2019, now represented by counsel, Ms. Carey filed a "Motion to Dismiss," arguing that the petition was "based on facts that are without merit." In the motion, Ms. Carey argued that the allegations in the original petition that the buildings had sustained fire damage were inaccurate, as was the allegation that the Parish had tried to contact her prior to filing suit. She also argued that the structures' integrity was "solid," the structures were not in danger of falling, and they posed no risk to St. Charles Parish residents. The trial judge recused herself on August 14, 2019, noting that her staff member was the spouse of a potential trial witness named in the motion to dismiss. The matter was thereafter reallotted. The new trial judge denied the motion to dismiss on August 15, 2019, finding that it was unaccompanied by an affidavit or other exhibits to corroborate the allegations therein, and also that the motion did not set forth a basis under the Louisiana Code of Civil Procedure on which the court could grant *ex parte* relief.

On August 21, 2019, Ms. Carey filed an answer to the supplemental and amending petition, again denying that the structures were fire damaged, and charging that the original petition was filed upon a "false premise" (fire damage) and should be dismissed. Ms. Carey also argued that the amending petition's deletion of the fire damage allegations removed the basis for the suit, compelling the withdrawal of the Parish's suit.

On September 10, 2019, the Parish filed a motion to set the matter for trial, which was granted, with trial being set for October 24, 2019. Notice was properly served on both parties. On September 25, 2019, due to a conflict on the court's calendar, trial was continued on the court's motion to October 30, 2019. Meanwhile, on October 1, 2019, Ms. Carey served interrogatories and requests for production of documents on the Parish.

Also on October 1, 2019, Ms. Carey filed a motion for a continuance, arguing that a trial date was premature due to her outstanding interrogatories and

incomplete discovery. The trial judge signed an order on October 3, 2019 setting a telephone conference for October 30, 2019. The trial court signed another order on October 9, 2019 continuing the trial of the matter without date.

At the telephone conference on October 30, 2019, the parties established December 16, 2019 as the discovery cut-off date, December 23, 2019 as the date for filing of the parties' final witness and exhibit lists, and January 28, 2020 as the trial date. An order to this effect was signed on November 15, 2019. The Parish submitted its witness and exhibit lists on December 23, 2019. The record does not contain any witness or exhibit lists filed by Ms. Carey.

A telephone conference was held on January 22, 2020. The Parish appeared through counsel, but Ms. Carey appeared in proper person. In an order signed on that same day, a bench trial was set for March 27, 2020. On January 28, 2020, the trial court granted Ms. Carey's counsel's motion to withdraw on the basis that he was required to withdraw after having been suspended from the practice of law for 60 days. The motion requested that the court allow Ms. Carey "time to find another attorney to proceed with her case." On March 2, 2020, the court on its own motion, citing a scheduling conflict, continued the trial without date and set the matter for a telephone conference on April 17, 2020, in order to select a new trial date.

On July 15, 2020, the Parish filed a motion and order to set the matter for trial, which was granted the next day, setting trial on the merits for September 21, 2020 at 9:00 a.m. Both parties were served with notice of trial.

On the morning of trial on September 21, 2020, at 9:16 a.m., Ms. Carey filed a "Motion for Extension of Time," requesting an additional 30 days "to respond to the above titled matter." The motion gave no reasons for the request. The trial court, at 9:40 a.m., in open court after the case was called for trial, stated that it would view the motion as a request for a continuance, and noted that Ms. Carey

was not present in court and gave no reasons for the request in the motion. The trial court denied the motion, citing the numerous past scheduled trial dates, that the current trial date had been set since "July 15, 2020," and that Ms. Carey had been personally served with the current trial setting on July 25, 2020.

Thereafter, trial commenced. Following the presentation of evidence and testimony on behalf of the Parish,[3] the trial court ruled and signed a judgment on September 21, 2020, granting the relief requested by the Parish. The judgment ordered Ms. Carey to remove the unsafe structures from the property within 30 days from the date of the judgment, or otherwise the Parish would be allowed to enter the property to carry out the demolition and removal of the buildings at Ms. Carey's costs. Costs of the proceeding were assessed against Ms. Carey.

Ms. Carey filed an "In Forma Pauperis Affidavit" on October 21, 2020. She also filed a Notice of Appeal with the trial court on October 21, 2020; her appeal was granted that same day. This devolutive appeal followed.

## FIRST ASSIGNMENT OF ERROR[4]

On appeal, Ms. Carey first argues that the judgment is erroneous because she was misled by the Clerk of Court when she filed her motion for an extension of

---

[3] The Parish called two witnesses to testify at trial. First, Parish Code Enforcement Inspector Woodruff Camus testified that he first inspected the subject property on August 28, 2018 and found the condition of the property bad, with "open doors, broken windows, mold, roof damage." He inspected the property several other times, including on the morning of trial, and stated that it was in worse condition than it was in August of 2018, describing the property as being "in a derelict unsafe condition." He stated that no repairs had been made, no permits had been applied for, "nothing," and that the condition of the property "today" is in violation of the St. Charles Parish Code of Ordinances. His inspection reports and photographs of the subject property were accepted into evidence.

Bill Pousson, chief building inspector for South Central Planning, who was contracted by the Parish to do building code enforcement inspections on properties in the Parish, testified that he inspected the property several times, including within a week of the trial, and that he concurred in Mr. Camus's testimony that the property was not in a safe or structurally sound condition. Specifically, he stated that there was obvious roof damage, including missing shingles, causing roof leakage. The ceilings of the apartments had collapsed, windows were broken, doors were open, and the metal stairs and balcony had rusted to the point that it was not safe even walking up the stairs to check on the condition of the upstairs units. He stated that no work had been done on the property and the condition of the property had gotten continually worse. He concluded that "the structure is unsafe and is in danger of collapsing in its present condition." Mr. Pousson's written report of his September 18, 2018 inspection of the property was accepted into evidence.

[4] Ms. Carey's brief lists three Assignments of Error. Immediately following is a section that lists three "Issues Presented for Review" which do not correspond directly or exactly to the assignments of error. The brief's arguments are not organized to correspond to either the assignments of error or the issues presented for review. Accordingly, Ms. Carey's arguments discussed in this opinion correspond to

time on the morning of trial, when the Clerk did not instruct her to go to the courtroom after filing the motion. She argues that it is against public policy to allow a litigant to "sit all day" waiting for a signed order, not acknowledge her, and then rule against her, when the court knew she did not have an attorney; therefore, the court erred in not granting her motion.

A continuance may be granted in any case if there is good grounds therefor. La. C.C.P. art. 1601. A motion to continue shall set forth the grounds upon which it is based. La. C.C.P. art. 1603. A determination on a motion to continue is within the sound discretion of the trial court. *Ten Point Properties, Ltd. v. Roussel*, 506 So.2d 179, 180 (La. App. 5 Cir. 4/13/87). Such a ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16), 194 So.3d 626, 632.

The record reveals that the matter had been set for trial approximately eight times. Ms. Carey's counsel withdrew in January of 2020. On July 16, 2020, the court set the matter for trial on September 21, 2020, and according to the trial transcript, Ms. Carey was personally served with notice thereof on July 25, 2020. While Ms. Carey complains that she should have been allowed time to get new counsel, approximately seven months passed between her counsel's withdrawal and the court's July order setting the matter for trial on September 21, 2020, which clearly was ample time for her to secure new counsel. The record is devoid of any showing that Ms. Carey could not secure new counsel in this time period or had alerted the court to the same. Ms. Carey's motion for an extension of time, filed on the morning of trial, failed to recite any reasons for the motion. Ms. Carey fails to

the organization of the body of her brief and the arguments *actually presented* therein. Assignments of error that are not briefed in the body of the brief are considered abandoned, Uniform Rules–Courts of Appeal, Rule 2-12.4, and thus are not addressed herein. For example, Ms. Carey assigned as errors that the Parish falsely alleged that the property had sustained fire damage, when in fact it had not, and that discovery was incomplete. Neither of these assignments are briefed and thus are considered abandoned. In any event, the Parish's supplemental and amending petition deleted the allegation that the property had been damaged by fire. Also, the record is devoid of any motion to compel the Parish to respond to Ms. Carey's outstanding discovery requests.

show, therefore, that the trial court abused its broad discretion by denying her continuance.

Ms. Carey also argues that she was misled by the Clerk of Court and/or the trial court. She appears to argue that the Clerk of Court and/or the trial court had the responsibility to advise her about how to conduct her case, including the responsibility to instruct her to go to the courtroom after she filed her motion for an extension of time. The Clerk of Court accepts filings from litigants. The Clerk is without authority to advise litigants as to how to conduct their cases. Ms. Carey presents no support for these arguments. This assignment of error is without merit.

## SECOND ASSIGNMENT OF ERROR

Next, Ms. Carey argues that the purported lien holder on the subject property should have been served and allowed an opportunity to defend its security interest in the subject property.

As the Parish points out in brief, Ms. Carey has presented no authority for her argument that the court has an obligation to notify a lien holder that its mortgage debtor has been sued for an alleged violation of an ordinance. And as the Parish also points out, the record contains no evidence that there actually is a lien on Ms. Carey's property. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we find no abuse of the trial court's broad discretion in denying Ms. Carey's motion for an extension of time filed on the morning of trial. Nor do we find any merit to any of the other assignments of error. Accordingly, the trial court's September 21, 2020 judgment is affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 6, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-457**

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
ROBERT L. RAYMOND (APPELLEE)

### MAILED
LISA N. CAREY  (APPELLANT)
3516 4TH STREET
HARVEY, LA 70058